## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FINISH STRONG, LLC., an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>REEBOK INTERNATIONAL, LTD., a Massachusetts Corporation,<br><br>Defendant. | Case No.:<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**<br><br>**JURY DEMAND REQUESTED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

Plaintiff, FINISH STRONG, LLC., by its attorneys, Joseph M. Vanek, Esq. and Sarah E. Dale, Esq. of VANEK, VICKERS & MASINI, P.C. hereby complains against Defendant, REEBOK INTERNATIONAL, LTD. (hereinafter "REEBOK"), as follows:

### INTRODUCTION

1.      Over a decade ago, Dan Green, the owner of Finish Strong, LLC, began pursuing a passion to create a strong brand name around the phrase FINISH STRONG. Motivation and inspiration in business, one's personal life and athletics were central to both Mr. Green's message and business strategy. Through a number of enterprises, that are now Finish Strong, LLC (collectively "Finish Strong, LLC" or "Plaintiff"), Mr. Green launched a line of products including an extensive line of apparel that bore the FINISH STRONG trademark.

2.      Over the years, Finish Strong, LLC has actively promoted its FINISH STRONG branded line of apparel, resulting in over twelve unique designs of t-shirts, pants, skirts, and shirts all bearing the FINISH STRONG mark. Exemplar photographs of articles of clothing created by Finish Strong, LLC are attached as Exhibit A. The effort to build a strong brand did

not come easy or on the cheap.  Hundreds of thousands of dollars of investment and thousands of hours of time were required to launch and build the FINISH STRONG brand.

3.  To protect the substantial investment needed to build a brand, Finish Strong, LLC filed for and received trademark registrations for a variety of goods and services, including "T-Shirts."  See United States Patent and Trademark Office, Reg. No. 2,193,411, which registration has become incontestable in accordance with 15 U.S.C. §§1065 and 1115(b).  The trademark for T-shirts was awarded to Finish Strong, LLC in 1996 and since that date it has actively marketed T-shirts bearing the FINISH STRONG brand.

4.  Dan Green's vision of the potential of the FINISH STRONG brand did not end with apparel.  To further develop the brand, Green authored a book bearing the FINISH STRONG phrase its title, a copy of which is attached as Exhibit B.  This book has sold well over a 100,000 copies and has spread the FINISH STRONG message throughout both the United States and the world.

5.  One of the recipients of Green's book was Drew Brees of recent Super Bowl fame, who adopted the FINISH STRONG mantra for the 2009 NFL season after reading the book.  On information and belief, Reebok became aware of Mr. Brees' interest in the FINISH STRONG mantra and decided to sell t-shirts utilizing the FINISH STRONG mark directed toward the New Orleans market without any authorization or permission from Finish Strong, LLC.  A photograph of the T-shirt released by Reebok prominently bearing the FINISH STRONG mark is attached hereto as Exhibit C.

6.  Reebok's conduct violates the well-established and long standing trademark rights of Finish Strong, LLC.

**PARTIES, JURISDICTION AND VENUE**

7.  Plaintiff, Finish Strong, LLC, is an Illinois Limited Liability Company with its principal place of business at 1952 McDowell Road, Suite 205; Naperville, Illinois 60563, USA.

8.     Defendant, REEBOK, is a Massachusetts Corporation with its principal place of business at 1895 J.W. Foster Blvd., Canton, MA 02021, USA.  On information and belief, it owns stores throughout the United States and abroad, and is doing business in the State of Illinois and this judicial district.   REEBOK also maintains a website available at www.reebok.com.

9.     This Court's jurisdiction arises: (a) from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, jurisdiction conferred by 15 U.S.C. §§1121 and 28 U.S.C. §§1331 and 1338; and (b) from the fact that this is a civil action in which Plaintiff and Defendant are citizens of different States, and the value of the matters in controversy exceeds $75,000 exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. §1332(a); and (c) by virtue of the fact that certain claims are joined with substantial and related claims under the Trademark Laws of the United States, §§1051 – 1129, jurisdiction conferred by 28 U.S.C. §§1338(b) and 1367.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND ALLEGATIONS
### (FINISH STRONG, LLC)

10.     Since at least as early as 1996, Plaintiff, Finish Strong, LLC, has manufactured, distributed, advertised, and sold a variety of clothing, including,  t-shirts.

11.     Plaintiff, Finish Strong, LLC has registered the mark FINISH STRONG for clothing, namely, hats, t-shirts, golf shirts, jackets and shoes in the United States Patent and Trademark Office, Reg. No. 2,193,411.   That registration has become incontestable in accordance with 15 U.S.C. §§1065 and 1115(b).  A copy of Finish Strong, LLC's registration of the FINISH STRONG mark is attached hereto as Exhibit D.

12.     Hundreds of thousands of dollars' worth of goods and services have been sold, or are under license by, Plaintiff, under the name and mark FINISH STRONG throughout the United States.

13.     Plaintiff has also spent substantial sums in advertising and promoting the name and mark throughout the United States. By virtue of Plaintiff's continued use, advertising and promotion, its FINISH STRONG name and mark became and still are distinctive, well-recognized, and famous, possess a strong secondary meaning, and represent an extremely valuable goodwill.

14.     As a result of Plaintiff's success with its well-known FINISH STRONG trademark, Plaintiff reached a license agreement with the BreesDream Foundation, of which Drew Brees is President, to produce a FINISH STRONG T-shirt for the New Orleans market.

### (DEFENDANT'S UNLAWFUL ACTIVITIES)

15.     Defendant, REEBOK, manufactures and sells footwear, apparel, sports accessories and sporting equipment.

16.     REEBOK recently began manufacturing, advertising and selling clothing, namely, t-shirts, bearing the trademark FINISH STRONG.   A printout from www.sportsfanfare.com, showing a "100% cotton Reebok T-Shirt" with a "limited run screen print graphic of the New Orleans Saints" is attached hereto as Exhibit C.

17.     Defendant's apparel competes directly with Plaintiff's apparel.  The infringing products are available for sale on the Sports Fan Fare website as well as the New Orleans Saints' online shop available at www.neworleanssaints.com.

18.     On information and belief, Defendant began to manufacture, market and sell apparel bearing the trademark FINISH STRONG with knowledge of Plaintiff's rights in the name and mark FINISH STRONG for the same products.

19.     Defendant's manufacture, marketing and sale of apparel bearing the FINISH STRONG trademark has caused actual consumer in the marketplace and negatively affected Finish Strong, LLC's own marketing efforts.

20.     Defendant's use of the trademark FINISH STRONG is without the consent or authorization of Plaintiff.

<u>COUNT I</u>
**<u>TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN</u>**

21.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 as though fully set forth herein.

22.     As a result of its unauthorized use of the mark FINISH STRONG in connection with its manufacture, advertising and sale of apparel, Defendant is likely to cause confusion or mistake or to deceive the public, in violation of the Trademark Laws of the United States, 15 U.S.C. §1114.

23.     As a result of its unauthorized use of the mark FINISH STRONG in connection with its manufacture, advertising and sale of apparel, Defendant is likely to mislead prospective purchasers as to the affiliation, connection, or association of Defendant or Defendant's products with Plaintiff or Plaintiff's FINISH STRONG products and/or services, or as to the origin, sponsorship or approval of Defendant's apparel by Plaintiff, causing purchasers to rely thereon, in violation of the Lanham Act, 15 U.S.C. §1125(a).

24.     Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff and Plaintiff's FINISH STRONG trademark, and to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its FINISH STRONG-branded apparel and Plaintiff and its FINISH STRONG-branded apparel.

25.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

26.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

### COUNT II
### STATE AND COMMON LAW
### UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES ACT

27.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 as though full set forth herein.

28.     As a result of its unauthorized use of the mark FINISH STRONG in connection with the manufacture, advertising and sale of apparel, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the statutory and common law of various States, upon information and belief, including the State of Illinois.

29.     Defendant is likely to mislead prospective purchasers and retailers as to an affiliation, connection or association of Defendant or its FINISH STRONG-branded apparel with Plaintiff or its FINISH STRONG-branded apparel, or as to the original, sponsorship or approval by Plaintiff of Defendant's FINISH STRONG-branded apparel, causing purchasers to rely thereon, in violation of the statutory and common law of various states, upon information and belief, including the State of Illinois.

30.     Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff and Plaintiff's FINISH STRONG trademark for apparel, and to mislead the public into believing that there is a connection, affiliation or association between Defendant or its FINISH STRONG-branded apparel and Plaintiff and its FINISH STRONG-branded apparel.

31.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

32.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for a judgment:

1.     Permanently enjoining and restraining Defendant, its officers, agents, employees, representatives, and all others acting in concert or participation with any of them from:

    a.  Using in any manner the trademark FINISH STRONG, or any other colorable imitation of the FINISH STRONG mark, or any other designation that is confusingly similar to the trademark FINISH STRONG, including, but not limited to the infringing uses cited herein, as to be likely to cause confusion, deception or mistake on or in connection with the manufacturing, advertising, distributing, offering for sale or selling of any product not Plaintiff's, or not authorized by Plaintiff;

    b.  Passing off, inducing or enabling others to sell or pass off, any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the FINISH STRONG trademarks;

    c.  Committing any acts calculated to cause purchasers to believe that the infringing products are those sold under the control and supervision of Plaintiff, or

sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.  Further diluting and infringing the FINISH STRONG trademarks, and damaging Plaintiff's goodwill;

e.  Otherwise competing unfairly with Plaintiff in any manner;

f.  Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above; and

g.  Doing any other act or thing likely to induce the belief that Defendant's business or products are in any way connected with Plaintiff's business or products, or are sponsored or approved by Plaintiff.

2.      That this Court enter a judgment finding that Defendant has infringed, and willfully infringed, the FINISH STRONG trademarks.

3.      That this Court enter a judgment finding that Defendant's use of the FINISH STRONG trademarks has caused and/or are likely to cause confusion among the general purchasing public as to the source of origin of the infringing products.

4.      Directing Defendant to:

a.  Account for and pay over to Plaintiff all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

b.  Pay to Plaintiff all the damages Plaintiff has suffered as a result of the acts of Defendant complained herein, including an assessment of trebled actual damages, together with prejudgment interest;

c.  Pay to Plaintiff its attorneys' fees and costs in this action;

     d.   File with this Court and serve on Plaintiff's counsel, within 28 days after entry of

an injunction issued by this Court, a sworn statement as provided in 15 U.S.C.

§1116.

5.     Awarding Plaintiff such further relief as this Court deems just and equitable.

## <u>JURY DEMAND</u>

Finish Strong, LLC requests a trial by jury of any issue in this action triable by right before a jury.


Dated: February 25, 2010     By:     VANEK, VICKERS & MASINI, P.C.

     /s Joseph. M. Vanek

     Joseph M. Vanek (IL ARDC 6197046)
     Sarah E. Dale (IL ARDC 6289307)
     VANEK, VICKERS & MASINI, P.C.
     111 S. Wacker Drive, Suite 4050
     Chicago, Illinois 60606
     Telephone:  312-224-1500
     Facsimile: 312-224-1510
     E-Mail: jvanek@vaneklaw.com
     E-Mail: sdale@vaneklaw.com

     Counsel for Plaintiff

# EXHIBIT A









Caps





























# EXHIBIT B

*Amazing Stories of Courage and Inspiration*

# FINISH STRONG

*More than a statement...it's an attitude*

**by Dan Green**

"We all face adversity in our life. And so many times, it's how we react to it that will determine our destiny. *Finish Strong* is a great book with amazing stories about people from all walks of life, who, in the face of adversity, succeeded...against all odds. Prepare to be inspired!"

Mac Anderson, *Founder, Simple Truths*

simple truths
THE GIFT OF INSPIRATION
www.simpletruths.com



ISBN: 978-1-60810-013-2

51595

9 781608 100132

# EXHIBIT C



# EXHIBIT D

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**Reg. No. 2,193,411**

## United States Patent and Trademark Office

**Registered Oct. 6, 1998**

## TRADEMARK
### PRINCIPAL REGISTER

## FINISH STRONG

FAST'N TIGHT, L.L.C. (INDIANA LIMITED LI-
ABILITY CORPORATION)
4828 SNOWBERRY BAY CT.
CARMEL, IN 46033

FOR: CLOTHING, NAMELY, HATS, T-
SHIRTS, GOLF SHIRTS, JACKETS AND
SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10–25–1996; IN COMMERCE
11–11–1996.

SER. NO. 75–296,425, FILED 5–22–1997.

SALLY SHIN, EXAMINING ATTORNEY